IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LYNN A. VAN TASSEL,<br>        Plaintiff,<br><br>        v<br>**HONORABLE JOHN W. HODGE**<br>*Judge, Lawrence County Court of Common Pleas, in his official and individual capacities*, **HONORABLE THOMAS M. PICCIONE** *Judge, Lawrence County Court of Common Pleas, in his official and individual capacities*, **LAWRENCE COUNTY DOMESTIC RELATIONS SECTIONS**, **TRACY ROMYHAK** *Director of the Lawrence County Domestic Section, in her official and Individual capacities*, **JOSHUA LAMACUSA** *District Attorney of Lawrence County, in his official and individual capacities*, **LAWRENCE COUNTY ADULT PROBATION AND PAROLE DEPARTMENT**, **JAMES E. MANOLIS** *Esquire* and **ARTHUR R. VAN TASSEL**<br>        **Defendants.** | 2:13-cv-24 |

## MEMORANDUM OPINION AND ORDER OF COURT

Pending before the Court are motions to dismiss filed on behalf of all Defendants, as follows: the PRE-ANSWER MOTIONS OF DEFENDANT, JAMES W. MANOLIS (ECF No. 27); the PRE-ANSWER MOTIONS OF DEFENDANT, ARTHUR R. VAN TASSEL (ECF No. 29); the MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM (ECF No. 31) filed by Defendants Tracy Hromyak and Joshua Lamancusa; and DEFENDANTS THE HONORABLE JOHN W. HODGE, THE HONORABLE THOMAS M. PICCIONE, THE LAWRENCE COUNTY DOMESTIC RELATIONS SECTION, AND THE LAWRENCE COUNTY ADULT PROBATION AND PAROLE DEPARTMENT'S MOTION TO DISMISS THE AMENDED COMPLAINT (ECF NO. 33). The motions have been exhaustively briefed. Defendants have filed briefs in support of their respective motions, in some cases incorporating the briefs previously filed to dismiss the original Complaint, and they have submitted copies of the numerous prior state court decisions related to

this matter. Plaintiff Lynn A. Van Tassel, acting pro se, has filed responses and briefs in opposition to each motion and has submitted an extensive appendix (ECF Nos. 36-43). The issues are ripe for disposition.

Factual and Procedural History

The procedural history of this matter is tortuous and has been set forth exhaustively in numerous prior opinions. *See, e.g., Van Tassel v. Piccione, et al.*, 2012 WL 1621366 (W.D. Pa. May 9, 2012).[1] Thus, it need not be reiterated in full here. The genesis of the dispute occurred in 2006, when Arthur Van Tassel, Plaintiff's former husband, allegedly owed "overdue" child support payments to Plaintiff. In December 2007, Plaintiff attempted to obtain and execute a Judgment for support arrearages, which Arthur Van Tassel, through his attorney James Manolis, resisted. Arthur Van Tassel also filed a motion against Plaintiff to recover his attorney fees in the matter.

After a full evidentiary hearing, on June 20, 2008, Judge John Hodge of the Court of Common Pleas of Lawrence County, Pennsylvania ("Lawrence County Court") issued a 21-page Opinion and Order (the "Judge Hodge Order") which concluded, inter alia, that: (1) Arthur Van Tassel had complied with the court's support order; (2) "this case has a history of acrimonious conduct and attempts by the Plaintiff to take advantage of situations which are neither legal nor proper"; and (3) "Plaintiff has been acting in this litigation in a very spiteful manner, that her conduct is sufficiently within the requirement of a suit brought 'vexatiously,'" in violation of 42 Pa.C.S.A. § 2503(7), (9). Accordingly, Judge Hodge entered an Order which dismissed

---

[1] In reviewing a Rule 12(b)(6) motion, a court may only take into account the existence of a prior judicial opinion or court filing, but may not consider the truth of the facts set out in those documents or make findings of fact based on those other proceedings, without converting the motion to dismiss into a motion for summary judgment. *See M & M Stone Co. v. Pennsylvania*, 388 Fed. Appx 156, 162 (3d Cir. 2010).

Plaintiff's petition to enter judgment against Arthur Van Tassel; and ordered Plaintiff to pay attorneys fees of $2,385.00 as a sanction.

Plaintiff did not comply with the Judge Hodge Order.[2] Instead, she unsuccessfully pursued appellate remedies in the Pennsylvania courts and filed a § 1983 action in federal court (Civil Action No. 09-266), asserting that the Judge Hodge Order violated her constitutional rights. On August 19, 2009, the Honorable Nora Barry Fischer of this Court issued a thorough Memorandum Opinion and dismissed the case. *Van Tassel v. Lawrence County Domestic Relations Sections, et. al*., 659 F. Supp.2d 672 (W.D. Pa. 2009). Judge Fischer concluded that this Court lacked jurisdiction under the *Rooker-Feldman* doctrine, and held that Arthur Van Tassel and attorney Manolis were not state actors. On appeal, the United States Court of Appeals for the Third Circuit affirmed, 390 Fed. Appx. 201 (3d Cir. 2010) (unpublished). The Court of Appeals emphasized that Plaintiff's requested relief "is exactly the type of determination that the *Rooker-Feldman* doctrine prohibits":

> Appellant wanted the District Court to, among other things, enjoin the enforcement of the state court's June 2008 ruling and "award preliminary and permanent declaratory ... relief" from that order. This claim for relief is "inextricably intertwined" with the state court proceeding, as it would require the district court to conclude that the state court made an incorrect legal and/or factual determination and would effectively reverse the state decision or void its ruling.

*Id*. at 203.

Meanwhile, Arthur Van Tassel had begun contempt proceedings against Plaintiff in the Lawrence County Court and sought an award of additional attorneys fees. After a hearing, on November 30, 2009 Judge Thomas Piccione of the Lawrence County Court held Plaintiff in civil

---

[2] Plaintiff alleges that Lawrence County Domestic Relations Section ("DRS") incorrectly certified the amount due on three of four occasions, but failed to admit their mistakes in court.

contempt and ordered her to pay attorneys fees of $3,952.50.[3]  On May 24, 2010 Judge Piccione issued an Opinion and Order which directed Plaintiff to pay an additional $2,544.50 in attorneys fees in connection with another inappropriate effort by Plaintiff to vacate the Judge Hodge Order, as directed by Orders of the Superior Court dated January 6, 2010 and March 1, 2010. *See* Opinion of Judge Piccione of May 24, 2010 at 3-4.  Plaintiff alleges that it was improper for the Lawrence County Court to assess fees resulting from a quashed appeal in the Pennsylvania Superior Court.

On December 21, 2010, Judge Piccione again found Plaintiff in civil contempt of both the November 30, 2009 and May 24, 2010 Orders of Court, and awarded additional attorneys fees incurred by Arthur Van Tassel in presenting the motion (for a total of $8,784.50).  Judge Piccione sentenced Plaintiff to a 90-day term of incarceration, but permitted her to purge contempt through a payment plan.  The Pennsylvania Superior Court affirmed, by Memorandum dated September 13, 2011.  The Superior Court held that the Lawrence County Court properly exercised jurisdiction to award attorneys fees and explained that Plaintiff "cannot now under the guise of an appeal from a subsequent contempt order continue to challenge the underlying orders."

In October 2011, Manolis filed a petition on behalf of Arthur Van Tassel to enforce the December 21, 2010 Order to have Plaintiff imprisoned.  Plaintiff contends that the Lawrence County Court lacked jurisdiction because an appeal of the December 21, 2010 Order was pending in the Superior Court.  Plaintiff also alleges that Judge Piccione held a "motions" hearing, rather than an "evidentiary" hearing.  On November 17, 2011 Judge Piccione directed Plaintiff to report to jail, and awarded additional attorneys fees.  On November 23, 2011, when

---

[3] Plaintiff appealed this Order to the Pennsylvania Superior Court, which held that Judge Piccione's November 30 ruling was valid and that Judge Hodge properly possessed jurisdiction over the matter, such that the Judge Hodge Order of June 20, 2008 Order was also valid.  *See* Opinion of May 26, 2010.

Plaintiff did not report to jail as directed, Judge Piccione issued a bench warrant for her arrest. Plaintiff was arrested on November 26, 2011. Plaintiff then filed a second federal lawsuit (Civil Action No. 11-1516), in which she sought a writ of habeas corpus to invalidate her incarceration.

On December 2, 2011 Plaintiff, through her attorney, filed a Motion to Transfer Detention to House Arrest or Alternatively Motion for Work Release. That same day, Judge Piccione issued an order permitting the release of Plaintiff into the Pennsylvania Intermediate Punishment Program ("SIP") of "House Arrest With Electronic Monitoring" and released her on "ROR bail." A miscellaneous docket was created, which reflected a charge of "Contempt For Violation of Order or Agreement" citing 23 P.S. § 6114(a), which references "indirect criminal contempt." On December 7, 2011, Judge Piccione conducted a "bail" hearing and then released Plaintiff "on bail." Plaintiff alleges that Judge Piccione created bogus and faked criminal charges of which District Attorney Lamancusa was also aware because his name is on the docket.[4] On January 4, 2012, Judge Piccione issued an Order by which Plaintiff was released from home confinement with electronic monitoring subject to her compliance with a payment schedule.

On March 6, 2012, Judge Piccione issued another Order to remove and expunge any suggestion that Plaintiff had been charged criminally. In directing expungement, Judge Piccione explained that the Court had not intended to confuse Plaintiff's case with criminal activities, but that the mistaken references were caused by the procedures under the SIP program to set up electronic monitoring:

> Wherein [the Lawrence County Court] ordered [Lynn Van Tassel] released from incarceration for civil contempt in the Lawrence County Correctional Facility and placed on house arrest with electronic monitoring when such unit became

---

[4] After scrutiny of Plaintiff's Exhibits 9 and 10, the Court observes one reference to the Lawrence County District Attorney's Office, but no direct reference to Mr. Lamancusa.

5

> available, that in order to do so, the procedure required that a docketing entry be entered in the Prothonotary and Clerk of Courts Office of Lawrence County . . .

In an Order the next day (March 7, 2012), Judge Piccione noted that Plaintiff had been released from electronic monitoring since January 2012; was making reasonable and appropriate efforts to comply with the contempt order; and therefore, removed the electronic monitoring condition.

On May 9, 2012, Magistrate Judge Robert Mitchell of this Court issued a Memorandum and Order which dismissed Plaintiff's petition for a writ of habeas corpus and denied a certificate of appealability. *Van Tassel v. Piccione, et al*, 2012 WL 1621366 (W.D. Pa. 2012). Magistrate Judge Mitchell quoted *Chadwick v. Janecka*, 312 F.3d 597, 613 (3d Cir. 2002), for the proposition that: "we cannot disturb the state court's decision that there is no federal constitutional bar to [Plaintiff's] indefinite confinement for civil contempt so long as [she] retains the ability to comply with the order requiring [her] to pay over the money at issue."

In April 2012, Tracy Hromyak, Director of DRS, incorrectly prepared another Certificate of Arrearages showing overdue support. Plaintiff was required to contact DRS to correct it. Plaintiff avers that there are still three appeals pending in the state court.

Plaintiff then filed this, her third, federal case (Civil Action No. 13-24). After Defendants filed motions to dismiss the original complaint, Plaintiff filed an Amended Complaint which names as Defendants Judge Hodge, Judge Piccione, DRS (the agency responsible for child support), Hromyak, Lamancusa, Lawrence County Adult Probation and Parole Department ("LCAPPD"), her ex-husband Arthur, and his attorney, Manolis. She asserts claims for: (1) Declaratory Judgment against all Defendants that 42 Pa.C.S.A. § 2503 (the statute cited by Judge Hodge in June 2008) is unconstitutional as applied to her; (2) Declaratory Judgment against Judge Piccione, Arthur Van Tassel and attorney Manolis that Pa. R.A.P. 2744

and 2741(1) are unconstitutional as applied to her; and (3) Declaratory Judgment against Judge Piccione, Lamancusa and LCAPPD that SIP is unconstitutional as applied to her.

Legal Analysis

In this third federal civil action, Plaintiff exclusively seeks declaratory relief pursuant to 28 U.S.C. § 2201.  The Court need not address the voluminous filings and arguments of the parties in detail, because it will decline to exercise jurisdiction over this case.

It is well-established that the Declaratory Judgment Act "does not mandate that federal district courts exercise jurisdiction over every declaratory judgment action." *Allstate Ins. Co. v. Seelye*, 198 F. Supp.2d 629, 630–31 (W.D. Pa. 2002). The statutory text provides, in relevant part, that a court "***may*** declare the rights and other legal relations of any interested party." 28 U.S.C. § 2201 (emphasis added).  Thus, district courts are under no compulsion to exercise the jurisdiction conferred by the Act.  *State Auto Ins. Cos. v. Summy*, 234 F.3d 131, 133 (3d Cir. 2000) (*citing Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942)).  In *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286–87 (1995), the United States Supreme Court held that the Declaratory Judgment Act affords district courts "unique and substantial discretion in deciding whether [or not] to declare the rights of litigants."   The Supreme Court emphasized that:  "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Id*. at 289.  The Supreme Court also stated:  "If a district court, in the sound exercise of its judgment, determines after a complaint is filed that a declaratory judgment will serve no useful purpose, it cannot be incumbent upon that court to proceed to the merits before staying or dismissing the action."  *Id*. at 288.  This is such a case.

In *Pennsylvania Amer. Water Co. v. Trunov*, 2013 WL 2317790 at * 4 (M.D. Pa. May 29, 2013) (citations omitted), the Court recently itemized factors to be considered in a Court's exercise of its discretion: (1) whether another suit is pending in a state court on the same issue and the issue is not governed by federal law; (2) whether the scope of the state-court proceedings are such that the claims of all parties, including defenses, can be adequately adjudicated there; (3) whether the state law involved is close or unsettled; (4) whether declining jurisdiction avoids "duplicative and piecemeal litigation; (5) whether declining jurisdiction prevents a declaratory judgment action from being used as a method of procedural fencing; (6) the likelihood that a federal court declaration will resolve the uncertainty of obligation which gave rise to the controversy; (7) the convenience of the parties; (8) the public interest in settlement of the uncertainty of obligation; and (9) the availability and relative convenience of other remedies. In addition, the United States Court of Appeals for the Third Circuit has counseled that "federal courts should hesitate to entertain a declaratory judgment action where the action is restricted to issues of state law." *Atlantic Mut. Ins. Co. v. Gula*, 84 Fed. Appx. 173, 174 (3d Cir. 2003).

As is readily apparent from the procedural history, this dispute has consumed judicial resources far in excess of those which should have been necessary to resolve an overdue child support obligation in the Lawrence County Court. Many related lawsuits are pending and/or have been litigated in the state courts; the claims can be, and have been, adjudicated in the state forum; declining jurisdiction in this case would eliminate another piecemeal litigation; it appears that Plaintiff has used this litigation to engage in "procedural fencing"; the relief sought would do little to resolve the controversy; and the public interest in resolution is non-existent.

The issues are fundamentally based on state law and procedures. Plaintiff's attempt to identify a violation of a federal right is unpersuasive. Plaintiff reasons, in essence, that she could

not have been held in contempt in 2008 because she had a federally-protected right to pursue overdue child support payments. *See* Amended Complaint at ¶ 30-31. That contention is simply wrong. Even assuming that Plaintiff had cognizable legal rights, the Lawrence County Court was authorized to sanction her for the <u>manner</u> in which she pursued those rights. Pennsylvania law, 42 Pa.C.S.A. § 2503, provides, in relevant part (emphasis added):

> The following participants shall be entitled to a reasonable counsel fee as part of the taxable costs of the matter: . . .
>
> (7) Any participant who is awarded counsel fees as a sanction against another participant for **dilatory, obdurate or vexatious** conduct **during the pendency** of a matter.
> . . .
>
> (9) Any participant who is awarded counsel fees because **the conduct of another party** in commencing the matter **or otherwise** was arbitrary, **vexatious** or in bad faith.

Judge Hodge determined in June 2008 that Plaintiff engaged in dilatory, obdurate and vexatious conduct during the litigation. This Court lacks jurisdiction to negate that decision pursuant to the *Rooker-Feldman* doctrine. As the United States Court of Appeals for the Third Circuit stated in *Van Tassel v. Lawrence County Domestic Relations Sections*, 390 Fed. Appx. 201, 203 (3d Cir. 2010), Plaintiff's requested relief "is exactly the type of determination that the *Rooker-Feldman* doctrine prohibits."

Count I of the Amended Complaint directly relates to the Judge Hodge Order and Count II arises from subsequent contempt sanctions as Plaintiff attempted to overturn the order of Judge Hodge in the state courts. Count III is largely moot because the records relating to the mis-

9

classification of Plaintiff's contempt as criminal, rather than civil, have been expunged.  In sum, the declaratory relief sought by Plaintiff is not warranted and would serve no useful purpose.[5]

Conclusion

In accordance with the foregoing, the Court will decline to exercise jurisdiction over this matter pursuant to 28 U.S.C. § 2201, and will dismiss this case with prejudice.

An appropriate Order follows.

McVerry, J.

---

[5] The Court observes, without deciding, that Defendants have asserted a multitude of reasons for dismissal of this case with prejudice, including:  the *Rooker-Feldman* doctrine, failure to state a valid claim, res judicata, statute of limitations, Eleventh Amendment immunity, and judicial immunity.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LYNN A. VAN TASSEL,**<br>　　　　**Plaintiff,**<br><br>　　　　　　　v<br>**HONORABLE JOHN W. HODGE** *Judge, Lawrence County Court of Common Pleas, in his official and individual capacities*, **HONORABLE THOMAS M. PICCIONE** *Judge, Lawrence County Court of Common Pleas, in his official and individual capacities*, **LAWRENCE COUNTY DOMESTIC RELATIONS SECTIONS**, **TRACY ROMYHAK** *Director of the Lawrence County Domestic Section, in her official and Individual capacities,* **JOSHUA LAMACUSA** *District Attorney of Lawrence County, in his official and individual capacities,* **LAWRENCE COUNTY ADULT PROBATION AND PAROLE DEPARTMENT, JAMES E. MANOLIS** *Esquire* and **ARTHUR R. VAN TASSEL**<br>　　　　**Defendants.** | )<br>)<br>)<br>) **2:13-cv-24**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER OF COURT

AND NOW, this 20th day of June, 2013, in accordance with the foregoing Memorandum Opinion, it is hereby ORDERED, ADJUDGED and DECREED that the Court **DECLINES** to exercise jurisdiction over this matter to issue declaratory relief, pursuant to 28 U.S.C. § 2201. The Amended Complaint is **DISMISSED WITH PREJUDICE**. The Motions to Dismiss filed by Defendants (ECF Nos. 27, 29, 31, 33) are **DENIED AS MOOT**. The clerk shall docket this case closed.

　　　　　　　　　　　　　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　　　　　s/Terrence F. McVerry
　　　　　　　　　　　　　　　　　　　United States District Judge


cc:　　**Lynn A. Van Tassel**
　　　　Via Email: lynnvantassel@yahoo.com

　　　　All counsel of record via CM/ECF