IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LYNN A. VAN TASSEL,<br>    Plaintiff,<br><br>    v<br>HONORABLE JOHN W. HODGE<br>*Judge, Lawrence County Court of Common Pleas, in his official and individual capacities*, **HONORABLE THOMAS M. PICCIONE** *Judge, Lawrence County Court of Common Pleas, in his official and individual capacities*, **LAWRENCE COUNTY DOMESTIC RELATIONS SECTIONS**, **TRACY ROMYHAK** *Director of the Lawrence County Domestic Section, in her official and Individual capacities*, **JOSHUA LAMACUSA** *District Attorney of Lawrence County, in his official and individual capacities*, **LAWRENCE COUNTY ADULT PROBATION AND PAROLE DEPARTMENT**, **JAMES E. MANOLIS** *Esquire* and **ARTHUR R. VAN TASSEL**<br>    Defendants. | 2:13-cv-24 |

## MEMORANDUM ORDER

Pending before the Court is the MOTION FOR RECONSIDERATION PURSUANT TO F.R.C.P. RULE 59(e) (ECF No. 45) filed by Plaintiff Lynn A. Van Tassel, with brief in support. Defendants Judge John Hodge, Judge Thomas Piccione, Lawrence County Domestic Relations Section and Lawrence County Adult Probation and Parole Department ("LCAPPD") filed a brief in opposition to the motion. The Court concludes that the motion is ripe for disposition without the necessity of a response from the remaining Defendants.

The factual and procedural background of this dispute has been set forth in the Court's June 20, 2013 Memorandum Opinion and Order and numerous other opinions of the state and federal courts. As a very cursory overview, the underlying dispute began in 2006 as Plaintiff was attempting to recover overdue child support payments from her former husband. In 2008, Plaintiff was sanctioned by Judge John Hodge of the Court of Common Pleas of Lawrence County, Pennsylvania ("Lawrence County Court") for vexatious conduct, in violation of 42 Pa.C.S.A. § 2503(7), (9). Plaintiff did not comply with Judge Hodge's Order and was held in

civil contempt of Court on several occasions by Judge Thomas Piccione of the Lawrence County Court. In November 2011, Plaintiff was imprisoned and subsequently placed on house arrest with electronic monitoring under the Pennsylvania Intermediate Punishment Program ("SIP") program for civil contempt, although some of the paperwork made references to criminal contempt.[1] Plaintiff has pursued numerous actions in the Pennsylvania and federal courts in an effort to invalidate the orders of Judges Hodge and Piccione, as she has recounted in her brief in support of the motion for reconsideration.

In this, her third, federal case (Civil Action No. 13-24), Plaintiff exclusively seeks declaratory relief pursuant to 28 U.S.C. § 2201. Specifically, Plaintiff seeks: (1) a Declaratory Judgment against all Defendants that 42 Pa.C.S.A. § 2503 (the statute cited by Judge Hodge in June 2008) is unconstitutional as applied to her; (2) a Declaratory Judgment against Judge Piccione, Arthur Van Tassel and attorney James Manolis that Pa. R.A.P. 2744 and 2741(1) are unconstitutional as applied to her; and (3) a Declaratory Judgment against Judge Piccione, District Attorney Joseph Lamancusa and LCAPPD that SIP is unconstitutional as applied to her. As explained in its June 20 Opinion, this Court declined to exercise jurisdiction pursuant to 28 U.S.C. § 2201, and dismissed the case with prejudice.

Standard of Review

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Cafe ex-rel Lou—Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (*citing Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985)). It is well-established that a party must overcome a high hurdle to succeed in such a motion. A court should exercise its discretion to alter or amend its judgment only if the

---

[1] Such references were expunged by Order of Judge Piccione in March 2012.

2

movant demonstrates: (1) a change in the controlling law; (2) a clear error of law or fact or to prevent manifest injustice; or (3) availability of new evidence not available when the judgment was granted. *See id*. Motions for reconsideration are not intended to provide a "second bite at the apple" or to provide a mechanism for a losing party to ask the Court to rethink its decision.

Legal Analysis

Plaintiff contends that this Court's June 20 Opinion did not reference her "central argument," specifically, that the Pennsylvania statute under which she was sanctioned is preempted by the Supremacy Clause of the United States Constitution. She contends that no state court remedy is available for her federal claims.[2] Plaintiff also sets forth extensive arguments regarding standing, ripeness and the Personal Responsibility and Work Opportunity Reconciliation Act of 1996. In opposing her motion, Defendants point out that Plaintiff has not directly addressed the decision of this Court to decline jurisdiction.

Plaintiff does not point to any change in controlling law or new evidence. Nor does she assert any clear error of law – to the contrary, she acknowledges that this Court has correctly enumerated the factors that must be considered in the decision to entertain a declaratory judgment action. Plaintiff's Brief at 13-15. Plaintiff simply disagrees with the Court's evaluation of those factors and disagrees with the exercise of discretion by the Court to decline jurisdiction. Plaintiff has not met the high hurdle needed to warrant reconsideration. The Court reaffirms its June 20, 2013 Memorandum Opinion and Order of Court.

---

[2] It is well-established that state and federal courts have concurrent jurisdiction to hear Section 1983 claims. *See Maine v. Thiboutot*, 448 U.S. 1, 3 n.1 (1980).

Conclusion

In accordance with the foregoing, Plaintiff's MOTION FOR RECONSIDERATION PURSUANT TO F.R.C.P. RULE 59(e) (ECF No. 45) is **DENIED**.

SO ORDERED this 9th day of July, 2013.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc: **Lynn A. Van Tassel**
Via Email: lynnvantassel@yahoo.com

All counsel of record via CM/ECF